# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| PSG ENERGY GROUP, LLC, and ENVELOP GROUP, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 1:18-cv-03008-TWP-TAB |
| JAMISON M. KRYNSKI, RPG ENERGY GROUP, INC., COLTON COOPER, and TYLER G. WELSH, | ) ) ) ) ) |
| Defendants. _____ | ) ) ) |
| RPG ENERGY GROUP, INC., JAMISON M. KRYNSKI, TYLER G. WELSH, and COLTON COOPER, | ) ) ) ) |
| Counter Claimants, | ) ) |
| v. | ) ) |
| ENVELOP GROUP, LLC and PSG ENERGY GROUP, LLC, | ) ) ) |
| Counter Defendants. | ) |

### ORDER OVERRULING PLAINTIFFS' OBJECTIONS
### TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### AND ADOPTING THE REPORT AND RECOMMENDATION

This matter is before the Court for ruling on the Magistrate Judge's Report and Recommendation. (Filing No. 87.) Also before the Court are Plaintiffs PSG Energy Group, LLC's and Envelop Group LLC's ("Plaintiffs") Objection to Magistrate Judge's Order Granting Motion to Strike Reply in Support of Motion to Enforce Settlement (Filing No. 91), Plaintiffs' Objection to the Magistrate Judge's Report and Recommendation on Motion to Enforce Settlement (Filing No. 92), and Plaintiffs' Consolidated Motion for Leave to File Reply Briefs in Support of Rule 72

Objections, or Alternatively, Motion for Evidentiary Hearing (Filing No. 99). For the reasons set forth below, the Court **sustains** Plaintiffs' Objection to the Motion to Strike, **overrules** the Objection to the Report and Recommendation, and **grants** Plaintiffs' motion for leave to file a reply brief. In addition, the Magistrate Judge's Report and Recommendation is **adopted as modified**.

## I. BACKGROUND

The Plaintiffs initiated this case on September 28, 2018, alleging, among other things, trade secret misappropriation, racketeering, computer trespass, theft, and tortious interference committed by Defendants, Jamison M. Krynski, RPG Energy Group, Inc., Colton Cooper, and Tyler G. Welsh (the "Defendants") (Filing No. 1). On January 9, 2019, Defendants filed a Counterclaim against Plaintiffs alleging tortious interference, defamation, breach of contract, fraud, theft, and unpaid wages (Filing No. 20).

Thereafter, the parties engaged in settlement, follow-up and status conferences with the Magistrate Judge, as detailed in the Magistrate Judges Report and Recommendation. (*See* Filing No. 87 at 2.) After numerous attempts, the parties announced their belief that a settlement was reached on September 13, 2019. (Filing No. 49 at 1.) The parties filed a Joint Motion to Reset Case Deadlines which recited that "with the aid of Magistrate Judge Baker, they have reached agreement on resolution of this matter but the paperwork and certain contingencies remain pending." *Id*. The joint motion reflected that the parties agreed to stay the litigation, and they intended "to finalize their resolution within the next five (5) weeks, but failing that will meet the following deadlines and take this matter to trial." *Id*. The Court approved the joint motion and new deadlines as proposed by the parties. (Filing No. 50.)

Several weeks passed without any stipulation dismissing the case as settled. In early November 2019, Defendants lead counsel developed a family emergency and new counsel was retained to assist in the defense of this matter.  Eventually, on November 27, 2019, Plaintiffs filed the instant Motion to Enforce Settlement (Filing No. 56), asserting that the Defendants have acted in bad faith by misrepresenting their abilities and willingness to settle this action. (Filing No. 56 at 5).  Shortly thereafter, on December 3, 2019, the Court referred the Motion to the Magistrate Judge for a Report and Recommendation (Filing No. 57).

Defendants filed a Response in Opposition to Motion to Enforce Settlement in which they argued that there was no binding "oral settlement agreement" as the agreement was subject to contingencies and execution of a final, formal agreement.  (Filing No. 62 at 2.)  Defendants argued that contrary to Plaintiffs' allegations, the settlement failed not because of Defendants' alleged "bad faith," but because of potential pitfalls contemplated by the parties and belatedly disclosed material information. *Id*. Specifically, Defendants argued the settlement was contingent upon (1) Defendants' procurement of funds for settlement payments and (2) agreements relating to the amount of Defendants' indemnification of Plaintiffs for several third-party claims.

Plaintiffs filed a timely Reply in Support of the Motion to Enforce Settlement (Filing No. 74).  On January 17, 2020, the Defendants moved the court to strike the Plaintiffs' Reply asserting that Plaintiffs had supplemented their initial arguments with key details noticeably omitted from their opening brief.  (Filing No. 79.)  Eleven days later, the Magistrate Judge agreed with the Defendants and granted the Motion to Strike, finding that "Reply briefs are for "replying," not raising new arguments and submitting new evidence, which is what Plaintiffs' reply brief attempts to do.  Plaintiffs' reply brief [Filing No. 74] is stricken."  (Filing No. 84.)

The Magistrate Judge filed a Report and Recommendation on January 29, 2020 (Filing No. 87), recommending that the Court deny Plaintiffs' Motion to Enforce Settlement. On February 11, 2020, Plaintiffs filed a timely Objection to the Magistrate Judge's Report and Recommendation (Filing No. 92), as well as an Objection to the Magistrate Judge's Order which granted the motion to strike Plaintiff's Reply. (Filing No. 91.)

On March 30, 2020, Plaintiffs filed a Consolidated Motion for Leave to File Reply Briefs in support of their objections to the Magistrate Judge's Order Granting Motion to Strike Reply in Support of Motion to Enforce Settlement [Doc. 91] and Objection to the Magistrate Judge's Report and Recommendation on Motion to Enforce Settlement [Doc. 92], or alternatively, a request for an evidentiary hearing. (Filing No. 99.)

## II.   LEGAL STANDARD

When a district court refers a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a), "the district judge in the case must consider timely objections and modify or set aside any part of [a magistrate judge's order] that is clearly erroneous or is contrary to law." Federal Rule of Civil Procedure 72(a). A magistrate judge's decision is clearly erroneous when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co*., 126 F.3d 926, 943 (7th Cir. 1997).

A district court may assign dispositive matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. Fed. R. Civ. P. 72(b)(1). *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify"

4

the findings and recommendations, and the district court need not accept any portion as binding. Fed. R. Civ. P. 72(b)(3). *See also Schur*, 577 F.3d at 760-61.

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the decisions as to those issues are supported by substantial evidence or were the result of an error of law. Fed. R. Civ. P. 72(b)(3).

### III. DISCUSSION

The Magistrate Judge reports that he used his best efforts to help the parties reach a resolution by conducting a settlement conference and multiple follow-up conferences focused on settlement. ([Filing No. 87 at 5](#).) Despite these efforts, the Magistrate Judge determined that no settlement was reached in this case, and thus, he recommends that the Court deny the Plaintiffs' Motion to Enforce Settlement. *Id*. The Plaintiffs contend this determination is erroneous, in part because by prematurely granting the Defendants' Motion to Strike their Reply, the Magistrate Judge failed to consider necessary evidence and arguments in support of Plaintiffs' Motion to Enforce Settlement. The Court will address the Objection to the Motion to Strike, before determining whether the Motion to Enforce Settlement should be granted on *de novo* review.

**A.     Requests for a Hearing**

As an initial matter, the Court denies all alternative requests for an evidentiary hearing. As noted by the Defendants, the record and docket in this case is filled to the brim with briefing. *See* ([Filing No. 56](#)); ([Filing No. 62](#)); ([Filing No. 74](#)) **[STRICKEN];** ([Filing No. 79](#)); ([Filing No. 89](#)); ([Filing No. 91](#)); ([Filing No. 92](#)); ([Filing No. 95](#)); ([Filing No. 96](#)); ([Filing No. 99](#)); ([Filing No.

101); and (Filing No. 103). The Court has read all of these briefings. The request for an evidentiary hearing would have limited (if any) probative value and would waste judicial resources, especially considering the COVID-19 pandemic and the court's limited scheduling capacity for video conference hearings in civil matters.

**B.      Objection to the Motion to Strike**

As a general rule, motions to strike are disfavored because they potentially serve only to delay. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir.1989). The "purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*, 2010 U.S. Dist. LEXIS 29463, at *4, 2010 WL 1258052 (S.D. Ind. Mar. 25, 2010). New arguments and evidence may not be raised for the first time in a reply brief. *See Gold v. Wolpert,* 876 F.2d 1327, 1331 n. 6 (7th Cir.1989). As noted by the Magistrate Judge, "[r]eply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.,* 249 F.R.D. 530, 536 (N.D.Ill.2008). However, a party may expand upon and clarify arguments in its reply brief. *See Ripberger v. Corizon, Inc.,* No. 1:11–cv–01394–TWPMJD, 2012 WL 4340716, * 1 (S.D.Ind. Sept.20, 2012). This serves to prevent the nonmoving party from being sandbagged. *See Medical Assur. Co., Inc. v. Miller,* No. 4:08–cv–29, 2010 WL 2710607, * 4 (N.D.Ind. Jul.7, 2010).

On January 2, 2020, the Plaintiffs filed a sealed Reply to the Motion to Enforce Settlement and attached an affidavit of its lead counsel and associated exhibits (Filing No. 74). Plaintiffs explain that the Reply was filed in order to "respond to the arguments contained in the Response, present evidence to correct the record, and expand upon the arguments originally presented in the

Motion to Enforce Settlement." (Filing No. 99 at 2.) Upon receipt of the Reply, Defendants moved to strike it on the basis that Plaintiffs obscured important details in their Motion to Enforce Settlement and then raised them on reply for the first time. Defendants thus asked the Court to strike Plaintiffs' Reply in Support of their Motion to Enforce Settlement, or alternatively, that the Court grant Defendants leave to file a sur-reply. Eleven (11) days later, Plaintiffs contend the Magistrate Judge improperly granted the Motion to Strike the Reply which prevented consideration of the truth concerning facts material to whether the settlement should be enforced.

Plaintiffs assert a violation of S.D. Local Rule 7-1 (which sets forth the time-line for the filing of motions), when their Reply was stricken, before they submitted their Response to the Motion to Strike. They argue they were "precluded from correcting the inaccurate assertions and misleading arguments in the Response, on which the magistrate judge relied thereafter in ruling on the Motion to Enforce." (Filing No. 91 at 2.) Under L.R. 7-1(c)(3), a non-moving party may respond to all motions, other than summary judgment motions or Federal Rule of Civil Procedure 12(b)(e), or (f) motions, "within 14 days after service of the motion." The purpose of such local rules "is to provide a specific time within which the opposing party must respond to the motion to make certain that the issues of the motion are properly framed." *Pfeil v. Rogers*, 757 F.2d 850, 857 (7th Cir. 1985).

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or redundant, immaterial, impertinent, or scandalous matter." The court may (1) act on its own, or (2) on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. *Id.* Motions to strike are generally disfavored; however, "where ... motions to strike remove unnecessary clutter

from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Defendants contend the Court was not obligated to allow Plaintiffs to file a Reply because they did not move to strike the Reply under Federal Rule of Civil Procedure 12(f). Instead, Defendants contend that they asked the Court to exercise its "inherent power to strike impermissible filings." (Filing No. 79 at 3.) Defendants argue the Magistrate Judge struck the Reply using his inherent authority to strike impermissible filings and *sua sponte* determined that the reply exceeded the bounds of "replying". (Filing No. 95 at 6.)

The Court does not agree with Defendants. Although the Magistrate Judge had the authority to *sua sponte* strike the Reply, this was not a *sua sponte* ruling.  The Magistrate Judge clearly entertained the Motion to Strike and granted it through a marginal entry on the Motion to Strike itself.  The Magistrate Judge concluded that the Reply improperly raised new arguments and submitted new evidence. (*See* Filing No. 84.)  And perhaps he believed the pleading was more aligned with L.R. 7-1(d)--which allows for early rulings on routine motions--than with L.R. 7-1(c)(3).  The Court agrees with the Plaintiffs that their Reply was not a routine motion, and ordinarily they would be allowed time to file a reply.  Accordingly, the Court must now determine whether the Reply improperly raised new arguments and submitted new evidence.

In support of their argument that the Reply did not raise new arguments and evidence, Plaintiffs explain:

> Because the Response raised alleged contingencies to the parties' settlement, despite none of the settlement documents including any provisions suggesting the existence of such contingencies and Defendants' repeated representations to Plaintiffs' counsel that no such contingencies were in effect to prevent the parties' agreed upon settlement, and because the Response presented evidence that Plaintiffs knew to create an inaccurate depiction of the facts surrounding the parties' settlement negotiations, Plaintiffs filed their Reply, including an affidavit of its lead counsel and associated exhibits, to respond to the arguments contained

in the Response, present evidence to correct the record, and expand upon the arguments originally presented in the Motion to Enforce Settlement.

(Filing No. 99 at 2.)

This Court now has the benefit of both parties' extensive briefing on the issue of whether Plaintiffs' Reply should be stricken. In its *de novo* review, the Court determines the Reply should not be stricken. The Reply properly expanded upon the Plaintiffs' original Motion to Enforce Settlement and directly responded to argument in the Defendants' Response. See *Philpot v. 420 Magazine, Inc.*, No. 1:14-cv-01790-RLY-MJD, 2015 WL 2130961, at *3 n. 4 (S.D. Ind. May 6, 2015) (finding that new evidence with a reply brief is appropriate where it either "1) lends factual support to arguments that [the moving party] already made in its opening brief; or 2) addresses arguments that [the non-moving party] made in his response brief."). Accordingly, the Plaintiff's Objection to the Motion to Strike (Filing No. 91) is **sustained** and the Reply (Filing No. 74), will be considered.

The Court notes that in the alternative, the Defendants requested that if the Court did not strike Plaintiffs' Reply in Support of their Motion to Enforce Settlement, they sought leave to file a sur-reply to address any new evidence and contentions that should have been included in support of Plaintiff's opening brief. (Filing No. 79 at 9.) The proposed sur-reply is attached as Filing No. 79-1. Leave is granted so far as the Court will consider portions of the sur-reply that address factual contentions regarding Defendants' representations and ability to fund the settlement.

**C.     Motion to Enforce Settlement**

A settlement agreement is a contract that is enforceable under ordinary state law contract principles. *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002). A settlement agreement in a federal case is "just like any other contract." *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007). Here, Indiana law governs, and under Indiana law, an agreement to settle

9

a lawsuit is generally enforceable. *See Zimmerman v. McColley*, 826 N.E.2d 71, 76-79 (Ind. Ct. App. 2005). "It is established that if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Id.* at 76 (citing *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003) ).

Oral settlement agreements are treated no differently than any other binding oral agreement under federal law; an oral settlement agreement "is binding and enforceable so long as it contains 'all terms of the contract to be made.'" *Id.* at 837 n. 5 (quoting *Taylor v. Gordon Flesch Co., Inc.*, 793 F.2d 858, 862 (7th Cir. 1986); citing *Glass v. Rock Island Refining Corp.*, 788 F.2d 450, 454 (7th Cir. 1986)); *see also*, *Trask v. Bish*, No. 2:13-CV-1, 2013 WL 6095631, at *4 (N.D. Ind. Nov. 19, 2013) ("[A] change of heart after [a party] had agreed to the oral settlement does not undo the agreement. A party who has previously authorized a settlement remains bound to its terms even if she changes her mind."). In evaluating the legal effect of the parties' "agreement," courts consider the parties' outward manifestation of intent. *See Rosco v. Equifax Info. Servs., Inc.*, No. 1:14-CV-141, 2015 WL 5613203, at *4 (N.D. Ind. Sept. 24, 2015) ("Whether a meeting of the minds exists 'is a factual matter to be determined from all the circumstances,' and the Court should not consider 'the parties' subjective intents but their outward manifestation of it.'") (quoting *Zimmerman v. McColley*, 826 N.E.2d at 77 (Ind. Ct. App. 2005).

Plaintiffs point out that whether the parties knowingly and voluntarily agreed to settle this action is a question of fact left to the Court as the trier of fact on the Motion to Enforce. *See Dhaliwal v. Woods Div. Hesston Corp.*, 931 F.2d 58 (Table), at *2 (7th Cir. April 16, 1991); *Glass v. Rock Island Refining Corp.*, 788 F.2d 450, 455 (7th Cir. 1986)) ("Whether the parties knowingly and voluntarily entered into a settlement agreement is a question of fact."). In determining whether the parties entered into a settlement agreement, the Court considers the factors examined by the

Magistrate Judge in his Report and Recommendation, as well as the factors discussed in the Plaintiffs' Reply and appropriate sections of the Defendants' Sur-reply, and weighs the evidence presented by both sides.

The Plaintiffs provide a table displaying the difference in their recollections and versions of the facts, compared to Defendants' recollections and versions.  (*See* Filing No. 99-1 at 10-11.) Plaintiffs contend the parties reached a binding settlement agreement, and in support of their contention, they provide argument and documentation showing that Defendants: (1) knew the amount of claims to be indemnified when making their initial settlement offer, and such amount never changed, (2) did not make the settlement "contingent" on the indemnified claims where the indemnity was always a term of the parties' settlement to be performed in the future, (3) offered the Agreed Judgment as a substitute for any failure on Defendants' part to fund the settlement while nevertheless affirmatively representing to Plaintiffs that the money was "good," (4) agreed to sign the final version of the settlement paperwork (including the Agreed Judgment) without any contingencies whatsoever, (5) through the joint preparation of a Joint Motion filed with the Court, acknowledged that the case would end by dismissal or the filing of the Agreed Judgment by mid-October despite the language purposefully used by both counsel, and (6) began performing the terms of settlement while simultaneously promising—again—to sign the settlement paperwork.

In contrast, the Defendants assert and submit evidence to show that the parties do not have an enforceable settlement because: (1) the amount of the largest indemnified claim was a surprise to them, (2) the Defendants' ability to indemnify was a contingency to settlement (rather than an actual term of settlement), (3) the funding was impossible or unattainable, (4) there were contingencies to settlement at the time they agreed to sign the paperwork, (5) there parties filed a

11

Joint Motion to reset case deadlines, and (6) their partial performance of settlement terms was to remove contingencies to settlement.

The parties' differing recollections of their intent and of what was agreed upon convince the Court that the parties did not come to a final settlement agreement. The Reply and Sur-reply further demonstrate the parties' divergent perceptions of what needed to be done before settlement was finalized. The circumstances here are do not show an impermissible change of heart, misrepresentation or dissatisfaction with prior counsel or bad legal advice. *See, e.g., Qiang Wang v. Palo Alto Networks, Inc.*, 686 Fed.Appx. 890, 894-95 (Fed. Cir. 2017) (refusing to vacate settlement agreement where the plaintiff claimed it was based on erroneous legal advice); *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101-02 (9th Cir. 2006) ("A party will not be released from a poor litigation decision made because of inaccurate information or advice, even if provided by an attorney."). Instead, the evidence shows there was no final meeting of the minds, the parties had not come to final agreement, and contingencies existed. The Court's orders and the parties' own filings support this contention. The Amended Order kept the language that "[t]his case is settled, contingent upon certain additional agreements being put in place and followed." ([Filing No. 48](#).) The joint motion noted that "the parties fully intend to finalize their resolution within the next five (5) weeks, *but failing that will meet the following deadlines to take this matter to trial.*"(emphasis added) ([Filing No. 49](#)). If Plaintiffs had truly believed that the settlement was final, expressing contemplated circumstances in which the parties may proceed to trial does not make sense. *See also Rodgers v. Gary Cmty. Sch. Corp.*, No. 2:12-CV-530 JD, 2016 WL 7210851, at *2 (N.D. Ind. Dec. 13, 2016) (holding that there was no enforceable settlement agreement when the parties "made clear that the proposed settlement was subject to board approval and that the settlement would be void without such approval during an executive section of the board."). For

12

all of these reasons, the Court concludes that the Motion to Enforce Settlement must be **denied**. The Magistrate Judges recommendation was not clearly erroneous or contrary to law. Accordingly, the Court **adopts** the Magistrate Judge's Report and Recommendation ([Filing No. 87](#)), as modified by this Order.

As a final note, the Defendants' comments on the professional conduct of Plaintiffs' counsel are unwarranted. The Court does not find Plaintiffs' counsel's pleadings to be uncivil, vexatious or virulent; rather, counsel is understandably frustrated and disappointed that the purported settlement agreement in this fiercely litigated action did not come to fruition. As noted by the Magistrate Judge, if the matter were truly settled, the Court would share the parties' expected elation. That said, the manner in which Plaintiffs have carried their burden appears to have been civil at all times.

## IV.  CONCLUSION

For the reasons set forth above, the Court **SUSTAINS** the Plaintiffs' Objection to Motion to Strike Plaintiffs' Reply Brief ([Filing No. 74](#)), and the Reply has been considered. In his Report and Recommendation, the Magistrate Judge determined that when counsel called to report that the elusive settlement finally was at hand, the parties made it clear that certain contingencies remained. Considering the parties' extensive briefing and evidence, the Court agrees and determines that the only reasonable conclusion is that no settlement was reached. Accordingly, the Court **DENIES** the Plaintiffs' Motion to Enforce Settlement.  ([Filing No. 56](#).)  The Court **SUSTAINS** Plaintiffs' Objection to the Magistrate Judge's Order Granting Motion to Strike Reply, ([Filing No. 91](#)) and **OVERRULES** the Objection to the Magistrate Judge's Report and Recommendation ([Filing No. 92](#) ). The Court **GRANTS** Plaintiffs' Consolidated Motion for Leave to File Reply Briefs ([Filing

No. 99) and Court **ADOPTS** the Magistrate Judge's Report and Recommendation, (Filing No. 87), as modified by this Order.

The Clerk is directed to remove the "Stricken" designation from the Reply at (Filing No. 74).

**SO ORDERED.**

Date: 4/29/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jaclyn M. Flint
RILEY BENNETT EGLOFF LLP
jflint@rbelaw.com

Kathleen I. Hart
RILEY BENNETT EGLOFF LLP
khart@rbelaw.com

Bernie W. (Too) Keller
KELLER MACALUSO LLC
too@kellermacaluso.com

Gregory A. Neibarger
DENTONS BINGHAM GREENEBAUM LLP
greg.neibarger@dentons.com

Jessica Laurin Meek
DENTONS BINGHAM GREENEBAUM LLP
jessica.meek@dentons.com

Meaghan Klem Haller
DENTONS BINGHAM GREENEBAUM LLP
meaghan.haller@dentons.com